UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT CHAMBERS,

        Petitioner,               Case Number: 05-70012

v.                                        HONORABLE AVERN COHN

HAROLD WHITE,

        Respondent.
_____/

**MEMORANDUM AND ORDER GRANTING PETITIONER'S
MOTION TO HOLD HABEAS PETITION IN ABEYANCE
<u>AND ADMINISTRATIVELY CLOSING CASE</u>**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Dwight Chambers (Petitioner) is a state inmate at the Parnall Correctional Facility in Jackson, Michigan. Petitioner filed a <u>pro se</u> petition for a writ of habeas corpus challenging his convictions for breaking and entering a building with intent to commit larceny and fourth habitual offender. Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims are meritless and/or unexhausted. In reply, Petitioner filed a Motion to Hold Habeas Petition in Abeyance. For the reasons that follow, the motion is GRANTED.

## II. Background

Following a jury trial in Kent County Circuit Court, Petitioner was convicted of breaking and entering with intent to commit larceny. On November 15, 2001, he was sentenced as a fourth habitual offender to six to twenty years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

   I.   The prosecution failed to present sufficient evidence to support a guilty verdict and the defendant is entitled to a reversal of his conviction. Alternatively the verdict is against the great weight of the evidence and the defendant is entitled to a new trial.

   II.  The trial court violated Mr. Chambers' right to due process by allowing the prosecution to introduce testimony regarding cigarette cartons found around the crime scene where these cartons had been lost prior to trial and never available to the defense for inspection.

   III. Where the defendant suffered from mental illness and epilepsy and where he made repeated requests for a forensic evaluation on the issues of competence and insanity prior to trial, the district and circuit courts erred by refusing to order a forensic evaluation.

The Michigan Court of Appeals affirmed Petitioner's conviction, but found that the trial court erred in failing to grant Petitioner's request for a forensic evaluation regarding his sanity. The Michigan Court of Appeals remanded the matter to the trial court for referral to the forensic center for a psychiatric evaluation. The court of appeals held that reversal was not warranted because it was unclear whether Petitioner would have been able to present an insanity defense had the requisite referral been made. The court of appeals directed that if, on remand, a triable issue regarding Petitioner's sanity was found to exist, a new trial should be held. People v. Chambers, No. 239033 (Mich. Ct. App. June 10, 2003).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Chambers, No. 124349 (Mich. Mar. 24, 2003).

On remand from the Michigan Court of Appeals, the trial court issued an order finding that, based upon the Forensic Center's evaluation, insanity would not have been a triable issue. People v. Chambers, No. 00-09900-FH (Kent County Circuit Court Dec. 29, 2004). Petitioner did not appeal this decision.

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same issues presented on direct review in state court.

### III. Discussion

In his answer to the petition, Respondent argues that a portion of Petitioner's third claim, that the trial court's finding regarding his sanity was erroneous, has not been exhausted in state court because Petitioner did not appeal the trial court's order on remand. The Court agrees and further finds that Petitioner's claim that the delayed forensic examination prejudiced Petitioner's ability to present an insanity defense likewise is unexhausted.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.

O'Sullivan, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. See Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

In his motion, Petitioner admits that he failed to exhaust his state court remedies with respect to his claims that the delayed forensic examination prejudiced his ability to present an insanity defense and that the trial court incorrectly determined that no triable issue as to his sanity existed. Petitioner seeks a stay so that he may exhaust these claims.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to MICH. CT. R. 6.500 et seq., which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. See MICH. CT. R. 6.508(D)(3). Petitioner's unexhausted claims should be addressed to, and considered

by, the state courts in the first instance.

Where a petition is "mixed," that is, it contains exhausted and unexhausted claims, a federal court may stay the mixed petition in federal court to allow the petitioner to present his unexhausted claims in the state court and then return to federal court for review of his petition, provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005).

Petitioner states that these claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000). Accordingly, the Court finds that Petitioner has asserted good cause for failing previously to present these claims to the Michigan Court of Appeals. In addition, the Court finds that these claims are not "plainly meritless." Accordingly, the Court shall stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 1535. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. See id. Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. See id. "If the conditions

of the stay are not met, the stay may later be vacated <u>nunc</u> <u>pro</u> <u>tunc</u> as of the date the stay was entered, and the petition may be dismissed." <u>Palmer</u>, 276 F.3d at 781 (internal quotation omitted).

### IV. Conclusion

Accordingly, further proceedings in this case are stayed pending exhaustion of state court remedies. The case shall be stayed provided that: (i) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this Order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state court remedies.

To avoid administrative difficulties, the Court orders the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 2, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 2, 2006, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager
(313) 234-5160